IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES R. ROBINSON, Inmate #11087-026,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**SARA REVEL,** )<br>)<br>**Respondent.** ) | <br><br><br><br>**CIVIL NO. 06-290-MJR** |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

      Currently pending before the Court is Petitioner's motion regarding the docketing fee (Doc. 13). Petitioner filed this action pursuant to 28 U.S.C. § 2241. The Court conducted an initial review of the action pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which authorized the Court to summarily dismiss cases brought pursuant to section 2241 "[i]f it plainly appear from the fact of the petition . . . that petitioner is not entitled to relief." Upon consideration of the merits of Petitioner's arguments, the Court found that Petitioner was not entitled to relief and dismissed the petition (Doc. 3). On June 14, 2006, Petitioner filed a notice of appeal in the Seventh Circuit (Doc. 5), and moved for leave to appeal *in forma pauperis* (Doc. 7). The Court denied that motion (Doc. 9). Petitioner then apparently paid a fee to the Clerk of the Court of Appeals for the Seventh Circuit of $5.00, believing that to be the only amount due in the appeal. The Clerk responded with a letter informing Petitioner that he must either pay the $455.00 appeal fee or file a motion to proceed *in forma pauperis* in the Court of Appeals (Doc. 12).

      In the instant motion, Petitioner asks the Court to allow him to proceed with his appeal,

arguing that he is required to pay only $5.00.  Petitioner contends that the Prison Litigation Reform Act does not apply to actions brought pursuant to section 2241.  The PLRA has nothing to do with the Court of Appeals filing fee.  According to the Seventh Circuit:

> Federal courts are subsidized dispute-resolvers; filing fees defray only a small portion of the costs. A requirement that plaintiffs cover some of these costs cannot be called unconstitutional. The Supreme Court has never held that access to the courts must be free; it has concluded, rather, that reasonably adequate opportunities for access suffice.

*Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) (*citing Lewis v. Casey*, 518 U.S. 343 (1996)).

As such, the Court cannot grant Petitioner any relief as to the Court of Appeals filing fee.  As advised by the Court of Appeals, Petitioner may request *in forma pauperis* status there.  Accordingly, Petitioner's motion (Doc. 13) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED this 15th day of August, 2006.**

                                     **s/ Michael J. Reagan**
                                     **MICHAEL J. REAGAN**
                                     **United States District Judge**